**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JULITA CAYLOR,

    Plaintiff,

vs.                                          CASE NO. 3:09-cv-815-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**O R D E R**

This case is before the Court on Plaintiff's Petition for Attorney's Fees (Doc. #26, Petition), filed November 30, 2010. Plaintiff's counsel requests an award of $3,669.89 in attorney fees and $350 in costs pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. #26 at 1). To date, Defendant has not filed any response to the Petition. Thus, this matter is ripe for the Court's ruling.

Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff's counsel filed a timely application for attorney fees, nothing in the record indicates Plaintiff had a net worth of more than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

In considering a request for attorney fees under the EAJA, the amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area, and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A). In this instance, Plaintiff has requested attorney fees under EAJA be paid at a rate of $169.51 per hour for services in 2009 and 2010, which the Court finds is reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[1]

In conjunction with its determination of a reasonable hourly rate, the Court must determine the number of hours reasonably expended on the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of City of Montgomery*,

---

[1]The Court arrived at its conclusions by visiting the following website: www.minneapolisfed.org (last visited January 7, 2011).

836 F.2d 1292, 1301 (11th Cir. 1988). Although the total of 21.65 hours falls squarely within the range of hours this Court typically sees expended in federal litigation of a Social Security appeal, in this case, the Court takes note that Plaintiff's counsel has requested EAJA fees for services rendered after the Appeals Council of the Social Security Administration denied review of Plaintiff's claim, but before the filing of the federal complaint on July 30, 2009.[2]

Under EAJA, the hours claimed by the plaintiff's counsel must have been rendered in service related to the civil action brought in federal court. *See Watford v. Heckler*, 765 F.2 1562, 1568 (11th Cir. 1985) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) for the proposition "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably *expended on the litigation* multiplied by a reasonable hourly rate") (quotations in original) (emphasis added). The Supreme Court decision in *Sullivan v. Hudson*, 490 U.S. 877 (1989), further determined that when a federal court retains jurisdiction and remands a case to the administrative agency for additional proceedings, the administrative proceedings may be "an integral part of the 'civil action' for judicial review," such that attorney's fees for representation on remand may be compensable under EAJA. *Id.* at 892-93. Thereafter, the Eleventh Circuit determined that, in certain instances, a reasonable number of attorney hours may be expended in preparation of the civil action before filing the complaint and those hours may be compensable under EAJA. *See Pollgreen v. Morris*, 911 F.2d 527, 534-36 (11th Cir. 1990)

---

[2]Although the Itemization of Services Rendered (Doc. #26-1) indicates the complaint was prepared and filed on July 27, 2009, the Court record reflects the filing of the complaint occurred on July 30, 2009 (*see* Doc. #1).

(wherein the court remanded the case to the district court, in part, because some of the attorney hours spent prior to the filing of the action in federal court, and prior to the beginning of the administrative phase, might be "linked to the preparation of the civil action in federal court" and possibly payable under EAJA). The *Pollgreen* court cited to *Sullivan v. Hudson*, 490 U.S. 877 (1989), as support that it is "within the court's discretion to conclude that representation on remand [to the INS] was necessary to the effectuation of its mandate and to the ultimate vindication of the claimant's rights, and that an award of fees for work performed in the administrative proceedings is ... proper [under EAJA]." *Pollgreen v. Morris*, 911 F2d at 536. Subsequently, a number of other courts have similarly found that in particular, limited instances attorneys may expend hours on a Social Security appeal prior to filing the complaint that will be payable under EAJA if the client prevails. *See, e.g., Cameron v. Barnhart*, 47 Fed. Appx. 547, 550-51 (10th Cir. 2002) (finding attorney hours claimed after the Appeals Council had denied the plaintiff's petition for review were compensable under EAJA to the extent the hours were "reasonable expended on the litigation") (internal cites omitted);[3] *Levernier Const., Inc., v. U.S.*, 947 F.2d 497, 501 n.2 (C.A. Fed. 1991) (finding that fees for legal and factual research incurred in preparation for Claims Court litigation constituted fees incurred in a civil action under EAJA); *McGuire v. Sullivan*, 723 F.Supp. 1506, 1509 (N.D. Ga. 1989) (finding 4.8 pre-complaint hours fell within the ambit of EAJA because counsel, who did not represent the plaintiff at the

---

[3]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

administrative level, had to familiarize herself with the case and the hours were "directly related" to the civil action over which the court had jurisdiction); *Gough v. Apfel*, 133 F.Supp.2d 878, 880 (W.D. Va. 2001) (overruling the Commissioner's objections and finding because counsel had a duty to familiarize himself with the case before going forward in federal court he would be awarded the requested two and one half hours of pre-complaint activity); *Dixon v. Astrue*, No. 3:07cv333-TFM, 2010 WL 148446 (M.D. Ala. Jan. 13, 2010) (finding 2.3 hours of time spent with the client regarding the federal court review of the Social Security case was reasonable and compensable under EAJA); *Harrison v. Astrue*, No. 3:08-cv-577-J-TEM, 2009 WL 3853184 (M.D. Fla. Nov. 18, 2009) (finding 1.90 hours spent for preparation of the complaint and discussion federal court would be paid under EAJA).

In this instance, Plaintiff was represented by a non-attorney during the administrative phase of her case and by the attorney filing the EAJA petition during the litigation before this Court.[4] Plaintiff's counsel was thus obligated to familiarize himself with the case before filing the federal court complaint. Counsel states the two hours requested for pre-complaint EAJA fees were spent on review of the Appeals Council decision and evaluation of the federal appeal (Doc. #26-1 at 1). The Court finds the two hours were reasonably expended in litigation of the civil action.

Plaintiff's counsel has requested any awarded EAJA fees be paid directly to him, rather than to Plaintiff, if the Commissioner determines Plaintiff does not owe a debt to the

---

[4]At page fifteen of the transcript from the administrative proceedings in this case, the ALJ refers to Plaintiff's non-attorney representative who appeared at the administrative hearing (Tr. 15).

government (Doc. #26 at 2-3).  In support of this request, Plaintiff's counsel provided a copy of a document entitled "Assignment of EAJA Fees" (Doc. #26-2).

The Supreme Court recently held in the case of *Astrue v. Ratliff*, that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses.  *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010); *see also, Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA).  The decision of the Eleventh Circuit in *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute.  The *Reeves* court succinctly stated the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services."  *Id.* at 736.

The Supreme Court's ruling in *Ratliff* is also in accord with the precedent within the Eleventh Circuit in finding an award of EAJA attorney fees may be offset by the government where the plaintiff owes pre-existing debts to the United States.  *See Astrue v. Ratliff*, 130 S.Ct. at 2524; *also see*, *Reeves v. Astrue*, 526 F.3d at 732 n.3 (finding the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)); *and see*, 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).

*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice may continue where the prevailing plaintiff does not owe a debt to the government and assigns

6

the right to receive the fees to the attorney. *Astrue v. Ratliff*, 130 S.Ct. at 2528-29. Neither *Panola* nor *Reeves* squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney.

In light of *Ratliff,* this Court finds the best practice is to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the government to accept Plaintiff's Assignment of EAJA Fees and pay fees directly to Plaintiff counsel after a determination that Plaintiff does not owe a federal debt.

Plaintiff makes a claim for reimbursement costs incurred filing the complaint in this action. The Court finds that $350 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a). As the Plaintiff's Assignment of EAJA Fee contains no reference to assignment of reimbursable costs, Plaintiff's counsel is directed to reimburse Plaintiff the $350 filing fee incurred to initiate this litigation, unless said cost was advanced on Plaintiff's behalf pursuant to Fla. R. Prof. Conduct 4-1.8(e).

Thus, upon due consideration, the Court finds a fee of $3,669.89 for 21.65 hours expended on this case and $350 in costs are reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Petition for Attorney's Fees (Doc. #26) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,669.89 for EAJA attorney fees and $350 in costs.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of January, 2011.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge